IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NANCY YATER, ) | | |
| PHILLIP YATER, ) | | |
| WILLIAM HOMER AMONETT, ) | | |
| WILMA KAY WILSON, AND ) | | |
| BILLY GERALD WILSON, ) | | |
| ) | | |
|     PLAINTIFFS, ) | | Civil Action No. 3:10-cv-00722 |
| ) | | |
| v. ) | | Senior Judge Nixon |
| ) | | Magistrate Judge Bryant |
| HCA HEALTH SERVICES OF ) | | |
| TENNESSEE, INC. d/b/a SUMMIT ) | | |
| MEDICAL CENTER, SUMMIT ) | | |
| MEDICAL ASSOCIATES, P.C., ) | | |
| TRISTAR HEALTH SYSTEM, INC., ) | | |
| AND HCA, INC. ) | | |
| ) | | |
|     DEFENDANTS. ) | | |

**INITIAL CASE MANAGEMENT ORDER**

The parties hereby jointly submit this Proposed Initial Case Management Order pursuant to Local Civil Rule 16.01.

**I.  JURISDICTION AND VENUE:**

This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 as the Complaint alleges claims arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. This Court is a proper venue for this action under 28 U.S.C. § 1391. bThe Defendants do not dispute jurisdiction and venue in this Court, except that Defendant HCA Health Services of Tennessee, Inc. d/b/a Summit Medical Center asserts that, to the extent some of the elements of relief sought by Plaintiffs are identical to relief provided for by the terms of

the order in *Access Now, Inc. v. Ambulatory Surgery Center Group, Ltd.*, Case No. 1:99-cv-00109-BLG (S.D. Fla.), the proper venue for Plaintiffs' averments that Summit Medical Center has not complied with the terms of that order is the U.S. District Court for the Southern District of Florida, Miami Division..

II.  **STATUS OF SERVICE OF PROCESS AND RESPONSIVE PLEADINGS:**

    A.  **Service of Process.**

The registered agents for Defendants HCA Health Services of Tennessee, Inc. d/b/a Summit Medical Center (hereinafter "Summit Medical Center"), Summit Medical Associates, P.C. (hereinafter "Summit Medical Associates"), TriStar Health System, Inc. (hereinafter "TriStar"), and HCA, Inc. (hereinafter "HCA") were served with the initial Complaint via certified mail on August 2, 2010.  Service of process is not disputed by the Defendants.

    B.  **Responsive Pleadings.**

    1.  Plaintiffs filed the initial Complaint for Declaratory Judgment and Permanent Injunctive Relief on July 30, 2010.

    2.  Defendant Summit Medical Associates filed its answer on August 25, 2010 (Dkt. No. 6).

    3.  By agreement of the parties and order of this Court entered on September 17, 2010 (Dkt. No. 17), the period for Defendants Summit Medical Center, TriStar, and HCA to answer or otherwise respond to the Complaint was extended to September 17, 2010.

    4.  Defendants Summit Medical Center, TriStar, and HCA filed their respective answers (Dkt. Nos. 18 – 20) on September 17, 2010 and amended answers (Dkt. Nos. 21 -23) on September 28, 2010.

## III. THEORIES OF THE PARTIES

### A. Plaintiffs' Theory.

All plaintiffs in this lawsuit are deaf. In addition to deafness, Plaintiff Wilma Wilson has a vision disability. In addition to deafness, Plaintiff William Amonett has vision and intellectual disabilities. Plaintiff William Amonett is the brother of Plaintiff Wilma Wilson. At all relevant times, the Defendants, their agents and employees were aware that the Plaintiffs were deaf. At all relevant times, Plaintiffs requested that Defendants provide qualified sign language interpreters to Plaintiffs to ensure effective communication regarding Plaintiffs' health care. The Defendants have failed to consistently provide qualified sign language interpreters to Plaintiffs. The Defendants have discriminated against all Plaintiffs on the basis of their disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. Plaintiffs intend to return to the Defendants' facilities in the event Defendants cease discriminating against them on the basis of disability.

### B. Defendants' Theories.

#### 1. SUMMIT MEDICAL ASSOCIATES, P.C.

a. Summit Medical Associates, P.C. ("PC") is a professional corporation owned, managed and operated by individual physicians licensed to practice medicine in the State of Tennessee. PC leases two offices located in Hermitage, Tennessee. One of those leased offices is located in the medical office building adjacent to Summit Medical Center.

PC provides physician services to patients through its employee physicians and other practitioners. PC is not owned, managed or operated by the other Defendants in this matter or any of their parents, subsidiaries or affiliates. The other Defendants in this

matter are not agents, employees or independent contractors of PC. Hence, PC is not responsible, and is not liable for, any of the alleged actions or failures to act of the other Defendants.

    b.  The only allegations set forth in the Complaint specifically against PC relate to Plaintiffs W. Wilson and B. Wilson. In the Complaint, the Plaintiffs assert that they contacted PC's offices for the purpose of "registering" W. Wilson with one of PC's physicians – Dr. McKean. The Complaint does not allege that W. Wilson or B. Wilson are in fact "patients or customers" of PC or that either Plaintiff attempted to make an appointment with Dr. McKean. The Complaint does not allege that any of the other Plaintiffs are patients of PC. Thus, none of the Plaintiffs possess standing to bring a claim against PC.

    c.  The sole allegation against PC is that when W. Wilson and B. Wilson contacted PC, they asked whether PC would provide W. Wilson with a "qualified interpreter." The Complaint alleges that an unidentified person declined that request. The ADA and its implementing regulations require an accommodation – not a <u>specific</u> auxiliary aid. Although a "qualified interpreter" may be one aid to effective communication, it is not the exclusive aid. In fact, the ADA and its implementing regulations specifically decline to mandate a specific aid in recognition of the fact that the determination should be done on a case-by-case basis.

    In fact, PC possesses doubts as to the factual accuracy of these allegations as PC routinely provides sign language interpreters to its patients who require those interpreters.

3926362.3.11

4

2. **HCA HEALTH SERVICES, INC. d/b/a SUMMIT MEDICAL CENTER**

Summit Medical Center is not related to Summit Medical Associates, P.C. in any way and is not responsible or liable in any way for the alleged actions or inactions of Summit Medical Associates, P.C.

Plaintiffs Nancy Yater and Phillip Yater claim that Summit Medical Center denied them a qualified sign language interpreter in violation of the ADA while they were patients and/or family members of patients from July 30, 2009 through August 3, 2009, and again from December 29, 2009 through December 30, 2009. Contrary to Plaintiffs' allegations, the ADA does not necessarily require Summit Medical Center to provide a qualified sign language interpreter, but rather in some instances a reasonable accommodation to ensure effective communications. Summit Medical Center reasonably provided Plaintiffs with effective methods of communication at all times and has no record that Plaintiffs Nancy and Phillip Yater requested a qualified sign language interpreter as averred in the Complaint.

At all times, Summit Medical Center fully complied with the applicable provision of the ADA. Some or all of Plaintiffs' claims against Summit Medical Center may be barred by the settlement and order in *Access Now, Inc. v. Ambulatory Surgery Center Group, Ltd.*, Case No. 1:99-cv-00109-BLG (S.D. Fla.).

3. **HCA INC.**

HCA is not a proper party to Plaintiffs' lawsuit. It took no action or refrained from taking action regarding any Plaintiff. It is not affiliated in any way with Summit Medical Associates, P.C. HCA is not responsible or liable with respect to the Plaintiffs' averments and should be dismissed.

### 4. TRISTAR HEALTH SYSTEM, INC.

TriStar is not a proper party to Plaintiffs' lawsuit. It took no action or refrained from taking action regarding any Plaintiff. It is not affiliated in any way with Summit Medical Associates, P.C. TriStar is not responsible or liable with respect to the Plaintiffs' averments and should be dismissed.

## IV. ISSUE IN DISPUTE

### A. Plaintiffs' Statement of Issues:

Whether Defendants are liable to Plaintiffs for violations of the ADA due to Defendants' conduct as discussed in the Complaint.

### B. PC's Statement of Issues:

1. Is PC, a physician-owned and managed professional corporation, liable for the actions and failures to act of Summit Medical Center and its owners?

2. Do the Plaintiffs possess standing to assert claims against PC for failure to provide a specific accommodation to only one Plaintiff – W. Wilson – who is not a "patient or customer" of PC?

3. Does the ADA require PC to provide an accommodation in the form of a specific auxiliary aid requested by a person who is not a "patient or customer" of PC?

### C. Summit Medical Center's Statement of Issues:

1. Can Plaintiffs carry their burden of proof to prove a violation of the ADA by any Defendant?

2. Does the ADA require Summit Medical Center to provide on these facts an accommodation in the form of a specific auxiliary aid requested by a person?

3. Did Summit Medical Center provide effective methods of communications to Plaintiffs under the ADA?

4. Are the Plaintiffs' claims barred, in part, by the statute of limitations?

5. Is Summit Medical Center liable for the averred actions and inaction of Summit Medical Associates, P.C.?

6. Are the Plaintiffs' claims barred in whole or in part by the order in *Access Now, Inc. v. Ambulatory Surgery Center Group, Ltd.*, Case No. 1:99-cv-00109-BLG (S.D. Fla.).

**C.     HCA Inc.'s Statement of Issues:**

1. Is HCA Inc. a proper party to this action?

2. Can Plaintiffs carry their burden of proof to prove a violation of the ADA by any Defendant?

**D.     TriStar's Statement of Issues:**

1. Is TriStar a proper party to this action?

2. Can Plaintiffs carry their burden of proof to prove a violation of the ADA by any Defendant?

**E.     Other Issues:**

1. Are the Plaintiffs' claims properly joined pursuant to Federal Rule of Civil Procedure 21?

## V.     INITIAL DISCLOSURES AND DISCOVERY

**A.     Initial disclosures pursuant to Rule 26(a)(1).**

1. The parties shall make their Rule 26(a) disclosures on or before **October 21, 2010.**

2. Unless otherwise specified in the Discovery Request, all electronically stored information shall be produced electronically in a .pdf, .tif or .jpeg form.

**B.     Discovery.**

1. The deadline for serving all written discovery, with the exception of requests for admissions, shall be **February 28, 2011.**

2. The deadline for the completion of depositions of fact witnesses shall be **June 1, 2011**.

3. Plaintiffs shall disclose their expert witnesses, the identity of their expert witnesses and provide a written report pursuant to Fed. R. Civ. P. 26(a)(2) no later than **July 1, 2011.**

4. Defendants shall disclose the identity of their expert witnesses and provide a written report pursuant to Fed. R. Civ. P. 26(a)(2) no later than **August 31, 2011.**

5. The parties shall conduct depositions of expert witnesses no later than **October 31, 2011.**

6. Requests for admissions must be served no later than sixty (60) days before trial.

7. Discovery is not stayed during dispositive motions unless ordered by the Court.

8. No supplements to any expert report shall be permitted without leave of the Court. The motion for leave shall include a copy of the proposed supplement and state the reason for the failure to include the supplemental opinion in the original report.

9. No motions related to discovery or for a protective order shall be filed until after the parties involved in the particular issue have conferred in good faith and,

unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Bryant.

### C. Interrogatories.

A party shall not propound more than one set of interrogatories on another party until at least sixty (60) days has expired since service of the prior set.

## VI. DISPOSITIVE MOTIONS

All dispositive motions shall be filed on or before **November 1, 2011**, and any response thereto shall be filed on or before **Monday, November 28, 2011**. Any reply shall be filed on or before **Monday, December 5, 2011**. If dispositive motions are filed in advance of the deadlines specified within this section, responses will be filed within 21 days of the service of the motion and any reply memorandum shall be submitted within 7 days after service of the response. Memoranda in support of motions and responses shall not exceed 25 pages without leave of the Court.

No motion for partial summary judgment shall be filed without leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense of the parties, the counsel and the court.

## VII. OTHER DEADLINES:

### A. Motions to amend the pleadings or join parties

The deadline for filing Motions to Amend the Pleadings is **December 10, 2010.**

## VIII. TRIAL:

The pretrial conference shall be scheduled for March 30, 2012, at 10:00 a.m. The bench trial shall commence on April 10, 2012, at 9:00 a.m. Judge Nixon will issue a separate order setting forth his requirements for both the trial and pretrial conference.

It is so **ORDERED.**

*s/ John S. Bryant*

John S. Bryant
United States Magistrate Judge

**APPROVED FOR ENTRY:**

s/ Catherine H. Molloy

Robert E. Boston (BPR# 009744)
Catherine H. Molloy (BPR# 026877)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
P.O. Box 198966
Nashville, Tennessee 37219-8966
615-244-6380
615-244-6804 (fax)
bob.boston@wallerlaw.com
katie.molloy@wallerlaw.com

*Attorneys for Defendants HCA Health Services of Tennessee, Inc. d/b/a Summit Medical Center, TriStar Health System, Inc. and HCA Inc.*

s/ Keith C. Dennen with permission

Keith C. Dennen (BPR# 12618)
Sharon Orenstein Jacobs (BPR# 014626)
Lane Summers Moorman (BPR# 25586)
BONE MCALLESTER NORTON PLLC
511 Union Street, Suite 1600
Nashville, TN 37219
615-238-6300
615-238-6301 (fax)
kdennen@bonelaw.com
sjacobs@bonelaw.com
lmoorman@bonelaw.com

*Attorneys for Defendant, Summit Medical Associates, P.C.*

s/ Sherry A. Wilds with permission
Sherry A. Wilds (BPR# 021756)
Martha M. Laffery (BPR# 019817)
Disability Law & Advocacy Center of Tennessee
2416 21st Avenue South, Suite 100
Nashville, TN 37212
615-298-1080
Sherryw@dlactn.org
Marthal@dlactn.org

*Attorneys for Plaintiffs*